UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | |
| : | Case No: 21-CR-087 (TJK) |
| : | |
| **MICHAEL SPARKS, et al.,** : | |
| : | |
| **Defendants.** : | |

### UNITED STATES' UNOPPOSED MOTION FOR EARLY RETURN OF TRIAL SUBPOENAS PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 17(c)

The United States of America, by and through undersigned counsel, respectfully moves this Court for an Order permitting it to issue two subpoenas *duces tecum* inviting the subpoenaed entities to produce records prior to trial pursuant to Federal Rule of Criminal Procedure 17(c). The subpoenas, redacted versions of which are attached as Exhibits 1 and 2, would require Capital One bank and AT&T to produce records relating to the trial in this case. The defendants do not oppose this motion.

The subpoenas would require Capital One and AT&T to produce the documents at the currently scheduled April 28, 2023, status hearing. The government requests permission to invite the subpoenaed entities to produce the materials directly to the government in lieu of appearing in Court. Upon receipt of any documents returned in this fashion, the government will provide copies of the documents to counsel for the defendants. The government further requests permission to grant any necessary extensions of time to the subpoenaed parties for compliance with the subpoenas, should such requests be made.

In support of its requests, the government states as follows.

### I.     BACKGROUND

On November 9, 2022, a grand jury returned a 14-count superseding indictment

charging defendants Michael Sparks and Joseph Howe with offenses relating to their conduct at the U.S. Capitol on January 6, 2021, including, among other offenses, Obstruction of an Official Proceeding under 18 U.S.C. § 1512(c)(2) and (2) (Count One), Civil Disorder under 18 U.S.C. § 231 (Counts Two and Three), and, with respect to defendant Howe, Assaulting, Resisting, and Impeding Certain Officers, under 18 U.S.C. § 111(a) (Counts Four and Five), Destruction of Government Property under 18 U.S.C. § 1361 (Count Six), and crimes relating to his conduct in a restricted building with a deadly and dangerous weapon under 18 U.S.C. § 1752 (Counts Seven, Eight, and Nine).

Trial is scheduled to begin on May 10, 2023. A pretrial conference is scheduled to occur via videoconference on April 28, 2023, at 1:30 pm. As discussed below, the requested subpoenas relate to a cell phone account and bank account held by Michael Sparks at the time of the charged offenses. The cell phone account was used to communicate with co-defendant Joseph Howe, and it is believed the bank account was used to purchase goods and services relating to the co-defendants' trip to Washington, DC on January 6, 2023.

## II.   ANALYSIS

Federal Rule of Criminal Procedure 17(c) states that a trial subpoena "may order" the production of "any books, papers, documents, data, or other objects the subpoena designates." The Rule further provides that the Court "may direct" the production of the designated items "in court before trial." This Rule leaves advance production of a response to a document subpoena "to the court's discretion." *United States v. Binh Tango Vo*, 78 F. Supp. 3d 171, 178 (D.D.C. 2015) (quoting *United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991)). A party seeking an early-return trial subpoena must show "(1) relevancy; (2) admissibility; [and] (3) specificity." *Id.* (quoting *United States v. Nixon*, 418 U.S. 683,

700 (1974)).

In *Nixon*, 418 U.S. at 699-700, the Supreme Court adopted the Rule 17(c) analysis set forth in *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952).  Pretrial production under Rule 17(c) is permissible when: (1) the documents are evidentiary and relevant; (2) they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) the application is made in good faith and is not intended as a "fishing expedition."

These requirements are met with respect to both subpoenas.  First, with respect to the AT&T evidence, records obtained from Sparks's cell phone indicate that Sparks and Howe communicated several times between November 2020 and January 2021, during the relevant time period when they planned and then executed a trip to Washington, DC, and its aftermath.  In a consent search of Sparks's cell phone, FBI agents located records showing that Sparks traded phone calls and text messages with the cell phone number associated with Howe (which was stored in Sparks's phone as "Jo Jo").  These records reflect four telephone calls between Howe and Sparks in the days after January 6, 2021.  In addition, these records show that Sparks and Howe exchanged approximately 33 private text messages and one group message between December 19, 2020, and January 22, 2021.  But these records also indicate that Sparks deleted all of the private messages he exchanged with Howe, leaving no recoverable content on Sparks's phone.  And while there is no deletion mark on the sole group message, the content of that message is also not recoverable, indicating that it may also have been deleted or otherwise removed from Sparks's phone.  Based on this information, it is also

possible that Sparks and Howe exchanged more than 33 messages during the period between November 1, 2020, and January 31, 2021, but records of those text exchanges were entirely deleted or removed from Sparks's phone.

Records from AT&T relating to Sparks's cell phone account will provide evidence of the amount and type of communication between co-defendants Sparks and Howe, and among their travel companions. Records from AT&T will also provide evidence of the deletion of evidence from the phone Sparks voluntarily provided to the FBI. Accordingly, these records are relevant to Sparks's and Howe's planning and activities surrounding January 6, 2021, and efforts to conceal those activities from later investigation by law enforcement.

With respect to the Capitol One bank evidence, these records will help establish relevant purchases Sparks made using his Capitol One credit card in the process of planning for his travel to Washington, DC with co-defendant Howe and others. According to witnesses, Sparks arranged for the rental of a van large enough to transport the group of friends from Kentucky to DC to attend the rally in DC on January 6. In addition, records obtained from PayPal indicate that Sparks used his Capitol One credit card to make purchases in December 2020. In particular, on December 10, 2020, Sparks used his Capitol One credit card through PayPal to buy a 1/2-28, 5/8-24 Fuel Filter, Solvent Trap Kit for NAPA 4003, WIX 24003 (Color: Black, Size: 6'', Type: 5/8-24). According to open-source information available online, this product is marketed as easily capable of being transformed into a homemade firearms suppressor, but can be sold in a manner that avoids attention and suspicion since firearms suppressors are highly regulated under the National Firearms Act. According to FBI reporting, the item title for Sparks's purchase, "1/2-28 5/8-24" describes the two most common barrel size and thread pitch for pistols and rifles. Sparks can be seen in a number of

videos taken on January 6, 2021, at the Capitol wearing body armor, which also may have been purchased in the leadup and planning stages of his trip to Washington, DC, and which also may have been purchased using the Capitol One credit card that is the subject of the subpoena.  Accordingly, records from Capitol One will provide evidence of Sparks's and his traveling companions' travel to and from Washington, DC, and the planning that took place leading up to their trip.

The proposed subpoenas to AT&T and Capitol One thus meet the requirements for issuance of a Rule 17(c) subpoena. This request is made in good faith for records which will be admissible and relevant to the offenses charged. The information sought will assist the jury in determining the communication between co-defendants, planning and spending in anticipation of the group's visit to Washington, DC, and the state of mind and consciousness of guilt of defendant Sparks, who may have deleted evidence in advance of reporting to the FBI.  The government requires the records in advance of trial to allow sufficient time to review those records and seek any additional evidence those records uncover.  Further, obtaining the records prior to the date of trial will facilitate the orderly progress of trial by allowing the parties to litigate or resolve any issues of admissibility arising from the document production before trial begins. *See Bowman Dairy Co. v. United States*, 314 U.S. 214, 219-20 (1951) (noting that an early-return trial subpoena serves the function of expediting trial by allowing for examination of the subpoenaed materials before trial begins). On information and belief, AT&T and Capitol One will not provide the requested information without a subpoena.

As noted above, Rule 17(c)(1) requires a witness to produce the designated items "in court before trial" and states that "[w]hen the items arrive, the court may permit the parties and their attorneys to inspect all or part of them." The proposed subpoenas require the entities

to produce the designated documents at the currently scheduled April 28, 2023, pretrial conference in this case.

The government requests permission to invite the subpoenaed parties to produce the documents to the government electronically in lieu of appearing at the pretrial conference. The government will provide them to the defense as they are received from the subpoenaed parties. Finally, anticipating that the subpoenaed entities could face logistical constraints in timely producing records, the government further requests permission to accept early or grant any necessary extensions of time for compliance with the subpoena, should such requests be made.

### III.  CONCLUSION

The government respectfully requests the Court to permit service of and obtain the records sought by the subpoenas attached as Exhibit 1 and Exhibit 2.

> Respectfully submitted,
>
> MATTHEW M. GRAVES
> United States Attorney
> D.C. Bar No. 481052
>
> */s/ Emily W. Allen*
> EMILY W. ALLEN, Cal. Bar No. 234961
> SONIA MITTAL
> Assistant United States Attorneys
> 601 D Street NW
> Washington, DC 20530
> (907) 271-4724