**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 21-cr-87 (TJK)** |
| | ) | |
| **JOSEPHN HOWE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>UNITED STATES' MOTION TO DISMISS AS MOOT</u>

After pleading guilty to two crimes related to his participation in the January 6, 2021, attack on the United States Capitol, defendant Joseph Howe filed a pro se motion under 28 U.S.C. § 2255 asserting that, under the D.C. Circuit's decision in *United States v. Brock*, 94 F.4th 39 (D.C. Cir. 2024), which was decided after Howe was sentenced, his Sentencing Guidelines range should have been lower (ECF 152 at 5). Howe has now been pardoned by the President and released from prison. *See* Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events At or Near the United States Capitol on January 6, 2021, *available at* https://www.whitehouse.gov/presidential-actions/2025/01/granting-pardons-and-commutation-of-sentences-for-certain-offenses-relating-to-the-events-at-or-near-the-united-states-capitol-on-january-6-2021/; BOP Inmate Finder, *available at* https://www.bop.gov/mobile/find_inmate/byname.jsp (indicating that Howe was released on January 20, 2025). Accordingly, Howe's § 2255 motion, which challenges only his Guidelines calculation, is now moot. *See, e.g.*, *Lorance v. Commandant*, 14 F.4th 1150, 1165 (10th Cir. 2021) (explaining that a case "would become moot" when "the court would be unable to grant any further relief"); *People v. Mata*, 842 N.E.2d 686, 696 (Ill. 2006) ("sentencing issues are rendered moot by the Governor's commutation"); *Nesby v. True*, No. 17-cv-542-DRH-CJP, 2017 WL 5466667, at *2 (S.D. Ill. Nov. 14, 2017) ("[P]etitioner's

challenge to his original life sentence is now moot because he is no longer serving that sentence. Any opinion rendered by this Court as to the validity of the original life sentence would be nothing more than an advisory opinion."); *Arnold v. Attorney General of Alabama*, No. 2:22-cv-01235-LCB-HNJ, 2024 WL 502323, at *5 (N.D. Ala. Jan. 11, 2024) ("Arnold challenges the calculation of his sentence following his two probation revocations. As the State no longer incarcerates Arnold pursuant to the sentences imposed following his probation revocations, his petition warrants dismissal as moot.") (citation omitted). The Court should thus deny Howe's § 2255 petition as moot.

Respectfully submitted,

EDWARD R. MARTIN, JR.
UNITED STATES ATTORNEY


BY:      __/s/ Daniel J. Lenerz_____
DANIEL J. LENERZ
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7027
Daniel.Lenerz@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been filed electronically with the Court via CM/ECF and served by first-class mail on trial counsel for the defendant, Gretchen L. Staft, Office of the Federal Defender, 188 W. Northern Lights Blvd. Suite 700, Anchorage, AK 99503, on this 25th day of February, 2025.

_/s/ Daniel J. Lenerz_
DANIEL J. LENERZ
Assistant United States Attorney